IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BERNARD BARTON,** | ) | **CASE NO. 7:11CV5000** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DAVE HEINEMAN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Bernard Barton ("Barton" or "Plaintiff") filed his Complaint in this matter on February 14, 2011. (Filing No. 1.) Thereafter, the court gave Barton leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Barton filed his Complaint against Nebraska Governor Dave Heineman ("Heineman"), Nebraska Attorney General Jon Bruning ("Bruning"), the Nebraska State Patrol ("NSP"), NSP Superintendent Bryan Tuma ("Tuma"), NSP Trooper Ryan Hayes ("Hayes"), and NSP Trooper John Doe ("Doe"). (Filing No. 1 at CM/ECF pp. 1-3.) Barton has sued Heineman, Bruning, Tuma, Hayes, and Doe in their personal capacities. (*Id.*)

Condensed and summarized for clarity, the facts according to Barton are as follows: On May 9, 2009, Hayes pulled Barton over for speeding on Interstate 80 in Lincoln County, Nebraska. (*Id.* at CM/ECF p. 3.) While Hayes and Barton were seated in Hayes's patrol vehicle, Hayes "interrogate[d]" Barton as to the "veracity of [his] motorist documentation [and his] whereabouts, movements, purposes and contacts." (*Id.* at CM/ECF p. 4.) Initially, Barton answered Hayes's questions, but eventually "asserted silence." (*Id.*) Thereafter, Hayes issued Barton a written warning for speeding and gave him a "verbal release to depart." (*Id.*) As Barton walked back to his vehicle, Hayes followed him and

continued to question him. (*Id.* at CM/ECF p. 5.) During this questioning, Hayes asked Barton whether Barton's vehicle "contained any illegal or harmful materials" and whether he could search the vehicle. (*Id.*) Barton responded that his vehicle did not contain illegal or harmful materials, and also denied Hayes's request to search the vehicle. (*Id.*) Hayes then informed Barton that his continued silence and withholding of permission to search would result in a "protracted period of vehicle impound as for summoning and awaiting canine investigatory unit." (*Id.*) Barton, once again, denied Hayes's request to search. (*Id.*)

Approximately 30 minutes later, Doe arrived on scene with the canine unit. (*Id.*) Doe walked the canine around the exterior of Barton's vehicle and repeatedly "directed the animal's focus to the passenger-side door area of Barton's vehicle," ultimately concluding that the dog had alerted at the passenger-side door area. (*Id.* at CM/ECF p. 6.) Hayes then asked Barton whether Barton would admit to possessing a "small amount of weed," and Barton responded that he would not make such an admission. (*Id.*) Thereafter, Hayes frisked, handcuffed, and placed Barton in the backseat of his patrol vehicle. (*Id.*) Troopers then performed a "fruitless search" of Barton's vehicle for approximately 30 minutes. (*Id.*) Following the search, Hayes released Barton. (*Id.* at CM/ECF p. 7.)

Barton seeks monetary and injunctive relief against Defendants for violations of federal and state law. (*Id.* at CM/ECF pp. 32-33.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state

a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

**A.     Claims for Monetary Damages Against NSP**

As set forth above, Barton seeks monetary and injunctive relief from all Defendants. (Filing No. 1 at CM/ECF p. 32-33.) However, Barton's claims for monetary damages against the NSP are barred by the Eleventh Amendment, which bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir.

3

1995). Thus, all claims for monetary relief of any kind against the NSP[1] must be dismissed. Because Barton has sued all other defendants in their personal capacities only, his claims for monetary damages against them are not barred by the Eleventh Amendment.

**B.  Fourth Amendment Claims**

Barton raises several Fourth Amendment claims against Hayes and Doe in their personal capacities. Liberally construed, they are as follows: (1) Hayes's investigation pursuant to the traffic stop was not reasonably related in scope to the circumstances that justified the stop, and lasted longer than necessary (Filing No. 1 at CM/ECF pp. 9-12); (2) Hayes unreasonably detained Barton after issuing the traffic warning without any articulable suspicion of wrongdoing on the part of Barton (*id.* at CM/ECF pp. 13-14); (3) the dog sniff ordered by Hayes and performed by Doe was unreasonable (*id.* at CM/ECF pp. 16-17); and (4) the search of Barton's vehicle was unreasonable (*id.* at CM/ECF pp. 25-27).

The Fourth Amendment protects against unreasonable searches and seizures. A traffic stop constitutes a seizure under the Fourth Amendment. *United States v. Peralez, 526 F.3d 1115, 1119 (8th Cir. 2008)*. However, "[a]n officer who observes a violation of the law has probable cause to initiate a traffic stop, and such a stop comports with the Fourth Amendment." *Id.* Further, the officer may conduct an investigation that is reasonably related in scope to the circumstances that initially justified the stop. For instance, the officer may ask routine questions such as the destination, route, and purpose of the trip, and whether the officer may search the vehicle. *United States v. $404,905.00 in United States*

---

[1]The NSP is an agency of the State of Nebraska and share's the State's sovereign immunity under the Eleventh Amendment. *See, e.g., Nebraska Methodist Health Sys., Inc. v. Dep't of Health, 543 N.W.2d 466, 469* (Neb. 1996) ("Generally speaking, a suit against a state agency is a suit against the State itself.").

4

*Currency*, 182 F.3d 643, 647 (8th Cir. 1999). A traffic stop that is constitutionally permissible at its inception can become unlawful "'if it is prolonged beyond the time reasonably required to complete' its purpose." *Peralez*, 526 F.3d at 1119 (quoting *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)). In order to detain a vehicle's occupants after the initial stop is completed, the officer "must have been aware of particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." *United States v. Shafer*, 608 F.3d 1056, 1062 (8th Cir. 2010) (quotation omitted).

Barton alleges that the canine sniff ordered by Hayes and performed by Doe violated his rights under the Fourth Amendment. A canine sniff of the exterior of a car conducted during a traffic stop that is lawful at its inception, and otherwise executed in a reasonable matter, does not infringe upon a constitutionally protected interest in privacy. *United States v. Martin*, 411 F.3d 998, 1002 (8th Cir. 2005). However, such a dog sniff may be the product of an unconstitutional seizure if the traffic stop is unreasonably prolonged before the dog is employed. *Id.*

In his Complaint, Barton sets forth 19 paragraphs of factual allegations that, if true, allow this court to draw the reasonable inference that Hayes and Doe violated Barton's right to be free from unreasonable search and seizure. Specifically, Barton alleges that Hayes pulled him over for speeding and then interrogated him on matters extraneous to the stated cause for the stop, and the questioning lasted longer than necessary to process the traffic violation. (Filing No. 1 at CM/ECF p. 4.) Further, after Hayes issued a warning for speeding and informed Barton that he was free to leave, Hayes followed Barton to his vehicle and continued to question him. (*Id.* at CM/ECF p. 5.) Ultimately, Hayes ordered a search of

Barton's vehicle after Barton asserted his right to silence and denied Hayes's request to search. (*Id.*) Barton alleges that Hayes ordered the search even though Barton evinced no cause for suspicion or wrongdoing. (*Id.*) With respect to the canine sniff, Barton alleges that he was held for a considerable period of time before the dog was employed. He also alleges that Doe manipulated the canine into alerting at Barton's passenger-side door area by repeatedly pausing at that area of the car. (*Id.* at CM/ECF p. 18.) These factual allegations are enough to nudge Barton's claims across the line from conceivable to plausible. However, the court cautions Barton that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Barton's claims or potential defenses thereto.

**C.   Claims That Require Amendment to Proceed**

   **1.   Claims Against Heineman, Bruning, and Tuma**

Barton has named Heineman, Bruning, and Tuma as defendants in this matter, and he has sued them in their personal capacities. However, Barton has not alleged any direct conduct on their part and has not identified how these individuals were involved in the conduct about which he complains. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (holding that a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests).[2]

---

[2] Barton's allegations focus on the conduct of Hayes and Doe. To the extent Barton alleges that Bruning, Heineman, and Tuma are somehow liable for the actions of Hayes and Doe, he has failed to state a claim upon which relief can be granted because respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

6

On the court's own motion, the court will permit Barton 30 days in which to amend his complaint to clearly state a claim upon which relief can be granted against Heineman, Bruning, and Tuma. Any amended complaint must restate the allegations contained in the current complaint, as well as any new allegations against defendants. Failure to consolidate all claims into one document may result in the abandonment of claims.

**2.      Equal Protection Claim**

The court liberally construes Barton's Complaint to allege an equal protection claim against Hayes in his personal capacity. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to succeed on an equal protection claim, a claimant must prove that he has been treated differently from other similarly situated individuals. *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000) ("[i]n general, the Equal Protection Clause requires that state actors treat similarly situated people alike ").

Barton's equal protection claim is difficult to decipher. As best as the court can tell, Barton alleges that Hayes expanded the scope of his investigation following the traffic stop because Barton was an out-of-state motorist. (Filing No. 1 at CM/ECF pp. 27-28.) However, Barton does not allege that he was treated differently from similarly situated individuals. Thus, Barton has failed to allege sufficient facts to state an equal protection claim against Hayes. On the court's own motion, Barton shall have 30 days in which to amend his Complaint to clearly state an equal protection claim against Hayes. As stated above, any amended complaint shall restate the allegations of the current complaint and

any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### 3. Remaining Federal Claims

Barton sets forth other allegations in his Complaint that are nearly impossible to decipher. For example, he appears to allege that the canine sniff procedure employed by Doe somehow violated his civil rights. (*See*, *e.g.*, Filing No. 1 at CM/ECF p. 19 ("[T]he domesticated canine genus as possessing inherently prodigious scent detection and tractable nature which may be put to demonstrably reasonable and reliable use such as in narcotics detection, but alleges detection procedure as herewith practiced to be neither reasonable nor reliable.").) On its own motion, the court will permit Barton 30 days in which to amend his Complaint to sufficiently allege which federal statute or constitutional provision gives rise to any remaining claims he has with respect to the canine-sniff procedure or any other matters, and which Defendants actually participated in the conduct. The court encourages Barton to use plain language in describing his claims. Any amended complaint shall restate the allegations of the plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### D. State Law Claims

Liberally construing the Complaint, Barton may also have state law claims against Hayes and Doe. Because the court has determined that Barton has alleged a Fourth Amendment claim upon which relief may be granted, the court will permit Barton's state-law claims to proceed. However, at this time, the court makes no determination as to the validity of these claims or whether the court has jurisdiction over them.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to amend his Complaint and clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, only Plaintiff's Fourth Amendment claims and state-law claims against Hayes and Doe will be allowed to proceed. The remaining claims will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on May 16, 2011;

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice; and

5. As set forth above, all claims for monetary relief of any kind against the NSP are dismissed.

DATED this 15th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.